[Civil No. 481.   Filed November 16, 1895.]

[42 Pac. 483.]

A. J. CHANDLER et al., Defendants and Appellants, v. FRANK B. AUSTIN et al., Plaintiffs and Appellees.

1. WATER AND WATER-RIGHTS—COMMON LAW—INAPPLICABILITY.—The common law has no application whatever to the use of water and can furnish no aid in the adjustment of water-rights in this territory.

2. SAME—SAME—RIPARIAN RIGHTS—REPUDIATED BY REV. STATS. ARIZ. 1887, PAR. 3198.—The common-law doctrine of a riparian right is expressly repudiated by statute, supra.

3. SAME—DIVERSION—RIGHT TO HAVE WATER DELIVERED IN RIVER AT HEAD OF DITCH.—Appellees, prior appropriators of water for irrigation and milling purposes, are not entitled to an injunction restraining appellants, subsequent appropriators for power purposes, from diverting water appropriated by appellees further up the

stream, except for mechanical purposes, and compelling appellants, after such use, to return it to the natural channel above the appellees' point of diversion, where it appears that appellants are returning such water to appellees' ditch above the point of any use by appellees.

4. SAME—APPROPRIATION—DELIVERY AT CERTAIN POINT—DAMAGE.—A person entitled to the use of a certain quantity of water is not entitled to receive such water at one place instead of another, provided his rights are in no way affected.

5. SAME—SAME—INTERFERENCE—REMEDIES—DAMAGES—INJUNCTION.—Improper use of water by appellants, or failure to deliver back the proper amount, affords an action at law for damages, and not ground for an injunction.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Reversed.

The facts are stated in the opinion.

John D. Pope, C. F. Ainsworth, and Pierce Evans, for Appellants.

It is conceded that the first appropriator of water is "entitled to the exclusive use of the water up to the amount embraced in his appropriation." Black's Pomeroy on Water-Rights, sec. 60; Kinney on Irrigation, sec. 173.

The second appropriator can take out the water above as well as below the first appropriator, and can use it for any lawful purpose. The limit, and the only limit, which the law places upon the exercise of this right is, that he must not substantially interfere with the use of the water by the first appropriator to the extent of his appropriation. Kinney on Irrigation, sec. 175; Black's Pomeroy on Water-Rights, sec. 80; *Butte etc. Co.* v. *Vaughn,* 11 Cal. 143; *Hill* v. *Smith,* 27 Cal. 476; *Nevada Water Co.* v. *Powell,* 34 Cal. 119, 91 Am. Dec. 685; *Atchison* v. *Peterson,* 29 Wall. 507.

It follows from the foregoing propositions that a second appropriator may take the water out of the stream above the head of the first appropriator's ditch, and may make any use of the water which does not substantially interfere with the prior right of use under the first appropriation, and may return the water either into the channel of the stream above the head of the first appropriator or at any point in the canal of

the first appropriator that will enable him to use the water to the same extent as if it flowed into the head of his canal. *Union Water Co.* v. *Crary,* 25 Cal. 504, 85 Am. Dec. 145; Black's Pomeroy on Water-Rights, sec. 72; Kinney on Irrigation, sec. 181; *Mason* v. *Cotton,* 4 Fed. 792.

If it were conceded that the turning of the water back below the head of the Tempe Canal, but above the place of the use, was a technical violation of the rights of the first appropriators, still an injunction ought not to have been granted, because,—1. The damage, if appreciable in amount, could easily have been compensated by the awarding of damages, and if the amount was not appreciable, nominal damages would have been sufficient; and 2. It was not made to appear, and no evidence was offered to show, that defendants were not able to respond in damages. Kinney on Irrigation, sec. 332; Black's Pomeroy on Water-Rights, sec. 75; *Atchison* v. *Peterson,* 20 Wall. 507; *Mason* v. *Cotton,* 4 Fed. 792; *Waldron* v. *Marsh,* 5 Cal. 119; *Butte etc. Co.* v. *Vaughn,* 11 Cal. 143, 70 Am. Dec. 769; *McDonald* v. *Water Co.,* 13 Cal. 239; *Slade* v. *Sullivan,* 17 Cal. 102; *Real Del Monte M. Co.* v. *Pond M. Co.,* 23 Cal. 83; *Hill* v. *Smith,* 27 Cal. 483; *Hewett* v. *Story,* 64 Fed. 520; *Lux* v. *Haggin,* 69 Cal. 255, 10 Pac. 674; *Sharp* v. *Hoffman,* 79 Cal. 406, 21 Pac. 846; *Bigelow* v. *City of Los Angeles,* 85 Cal. 614, 24 Pac. 778; *Peregoy* v. *McKissic,* 79 Cal. 572, 21 Pac. 967; *Modoc etc. Co.* v. *Booth,* 102 Cal. 151, 36 Pac. 431; *Chesapeake etc. R. R. Co.* v. *Bobbett,* 5 W. Va. 138.

Kibbey & Williams, for Appellee.

"Although, as we have seen in a previous section, the appropriator has no property in the water of the stream flowing in its natural channel above the head of his canal,—the point of diversion,—yet, by virtue of his prior appropriation, he acquires a most important legal and equitable right over or with respect to such water. The right of the prior appropriator to have the water to continue to flow in its usual manner through its natural channel or bed down to the head of his ditch—the point of diversion, where his own actual property rights in and to the same commence—to the extent of his appropriation, without diversion or interruption by others claiming subsequent to him, is an incorporeal hereditament

appurtenant to the ditch and coextensive with the appro-
priator's right to the ditch itself. He has the right to insist
that the water continue to flow as it did when he first made
the appropriation. A mere temporary or trivial irregularity
in the flow of the water in the stream such as does not cause
actual injury to the prior appropriator will not be actionable;
but if a sensible or positive injury is caused, such as would
interfere with the water-right of the appropriator, an action
will lie, not only to recover damages, but also to enjoin the
future commission of the wrong. The first appropriator of
the waters of the stream passing through the public lands
has the right to insist that the water shall be subject to his
use and enjoyment to the extent of his original appropria-
tion." Black's Pomeroy on Water-Rights, sec. 64.

"The diversion of the water of a stream is a private nui-
sance to the prior appropriator, who is injured thereby, and
he can maintain an action for such nuisance. For a past
diversion the only remedy is a recovery for damages; but
when the diversion is continuing, equity will interfere by in-
junction. It seems the injured party may himself abate the
nuisance." Citing *Butte T. M. Co.* v. *Morgan,* 19 Cal. 609.
See Black's Pomeroy on Water-Rights, secs. 72-75; Kinney
on Irrigation, secs. 320-337.

BETHUNE, J.—The plaintiffs, who are the appellees here,
are the prior appropriators and users, as between themselves
and appellants, of certain water of the Salt River, and con-
duct their water through what is known as the "Tempe
Canal" to the various points of use. Their appropriation and
use of said water are for the purposes of irrigation and
turning a gristmill known as "Hayden's Mill." Appellants,
having appropriated and otherwise secured the use of water
from the river subsequent to the appropriation of appellees,
at a point in the river several miles above the point of di-
version of appellees, for the purpose, among other things, of
"creating, generating, and perpetuating, for public and pri-
vate use, a water-power of not less than eight hundred horse-
power," now seek to mingle the water of appellees with their
own, and run it from the river through their canal, over a
precipice having a fall of forty or fifty feet, where the power
plant is located, and deliver it back to appellees at a

point in appellees' ditch above any place of use by appellees, and were so actually running and delivering said water when this action was commenced. An injunction was issued by the lower court, and, upon the final hearing of the case, made perpetual, restraining appellants from interfering with the water of appellees, except to use it for mechanical purposes, provided that said water should after such use be returned by appellants to the natural channel of the river above the mouth of appellees' ditch. This requirement, so far as we are aware, is in strict conformity with the provisions of the common law. At common law probably no such thing as an irrigating ditch was known. Under its provision the usufruct is the only extent of a claim in water. The maxim "Water should, and by right ought to, flow where it has been accustomed to flow" expresses the spirit of the common law in regulating the use of water; so that the doctrine that water, after being used by any person to the extent permitted by the common law, must be returned to its original channel not perceptibly diminished in quantity and undeteriorated in quality was established. But the common law has no application whatever to the use of water with us. Not even the common-law doctrine of a riparian right is acknowledged by us, but is expressly repudiated by section 3198 of the Revised Statutes. So the common law can furnish no aid in the adjustment of water-rights in this territory. It seems to be admitted that there could be no objection to the use by a subsequent appropriator of the waters of a stream already appropriated, should the water be returned uninjured to the channel above the point of diversion of the prior appropriation. But, as we have seen, this rule springs from the common law, which, as already stated, has no application in regulating our water-rights. We cannot perceive any reason why, under our system of the use of water, a person entitled to the use of a certain quantity of it should receive it at one place instead of another, provided his rights are in no way affected or curtailed. The appellees claim a certain quantity of water for the irrigation of their lands and to run Hayden's Mill. If they get it, why should the manner in which they get it matter to them, especially when one way may add useless burdens upon the exercise of absolute rights of the appellants, and either way would equally subserve the rights of appellees?

In our view of the case, no rights of appellees are invaded by reason of the delivery of the water claimed by them into their ditch above the point of use by them. The evidence fails to show that any damage has accrued, or will accrue, to them by having their water delivered to them at the point to which appellants were delivering it at the commencement of this action, or that their remedies against appellants for a failure to so deliver the quantity of water to which appellees. are entitled, or for any damages otherwise suffered, would be in any manner different from those appellees would have should appellants be required to deliver the proper quantity back into the channel of the river. We are of the opinion that the appellants were exercising an absolute right in the use of the water, of course subject to any penalty they may incur by the abuse of such right. We therefore do not think this is a case for an injunction, but that the appellees have ample modes of redress at law for any damages which may be occasioned by any improper action of appellants in the use of the water, or in delivering it back to appellees.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

Hawkins, J., concurs.

Rouse, J., concurs in the result.